UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
EDWIN TOLBERT, JR.,

    Plaintiff,

vs.                                              **COMPLAINT**

LOWE'S HOME CENTERS,

    Defendant.
------------------------------------------------x

**07 CIV. 8232 BRIEANT**

EDWIN TOLBERT, JR., by his counsel, Michael H. Sussman, Esq., hereby complains of defendant as follows:

## PARTIES

1. Plaintiff, Edwin Tolbert, Jr., is an adult citizen of the United States, resident in the County of Orange, and of the African-American race.

2. Defendant, Lowe's Home Centers, is a corporation doing business in the State of New York. It may sue and be sued and employs more than three individuals.

## JURISDICTION

3. As plaintiff alleges that defendant has violated rights provided by 42 U.S.C. sec. 1981, as amended, and by section 296 of the Executive Law of the State of New York, this Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4), 1367 and 42 U.S.C. sec. 1988.

## FACTUAL ALLEGATIONS

4. Defendant assigned plaintiff to the Orangeburg, New York store after successful stints at several other company stores.

5. Plaintiff commenced in Orangeburg in July 2005 as an Assistant Store Manager.

6. Under the leadership of the prior store manager, plaintiff was promoted to the position of Sales Manager in mid-2006.

7. Plaintiff well performed this job and his salary reflected his superior performance.

8. Notwithstanding his excellent performance, within the year before his termination, defendant's agents denied plaintiff training opportunities made available to similarly situated Caucasians.

9. Likewise, within the last year, defendant's agents thrice denied plaintiff promotion to the position of Operation Manager, most recently giving that position to a less qualified white female who had much less company experience than did he.

10. On July 13, 2007, store manager Bartlett, who is white, advise plaintiff to sign an agreement accepting a demotion or be "performance managed" out of his job.

11. While plaintiff objected to this unjustified and discriminatory demotion as he was meeting all job-related objectives, he felt he had no choice but to sign the document.

12. On July 20, 2007, Bartlett terminated plaintiff for allegedly violating a safety rule, climbing from a ladder onto some shelving to reach boxes.

13. Before being terminated, plaintiff did not receive a written warning or final notice.

14. Plaintiff had no history whatsoever of prior safety violations.

15. In recent years, defendant failed to terminate white managers who committed comparable safety violations.

16. Specifically, Matthew Collinese, a white zone manager, committed the same safety violation as plaintiff but was not fired.

17. A second person, Jen Harding, a white administration manager, drove power equipment with no license and damaged the store ceiling, more serious offenses than plaintiff's, without any serious consequence.

18. Upon information and belief, plaintiff was replaced by a Caucasian sales manager, "Paul".

19. As plaintiff fully qualified for and well performed at his position, is African-American, suffered an adverse action and disparate treatment, defendant intentionally discriminated against him on the basis of race.

20. Plaintiff has yet to find comparable work and has suffered pecuniary loss by dint of defendant's intentionally discriminatory and malicious conduct.

21. Plaintiff has suffered anxiety, stress and humiliation as a consequence of the loss of his employment at Lowe's.

## IV. CAUSES OF ACTION

22. Plaintiff incorporates paras. 1-21 as if fully repeated herein.

23. By terminating plaintiff on the basis of his race, defendant violated 42 U.S.C. sec. 1981, as amended.

24. By terminating plaintiff on the basis of his race, defendant violated section 296 of the Executive Law of the State of New York.

25. By failing to promote plaintiff to the position of Operations Manager, defendant discriminated against plaintiff on the basis of his race in violation of 42 U.S.C. sec. 1981 as amended and section 296 of the Executive Law.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide the matter;

c) award plaintiff and against defendant compensatory damages as permitted by law, with pre- and post-judgment, including back pay, front pay and damages for the pain, suffering and humiliation defendants have caused plaintiff with pre and post judgment interest;

d) require defendant to re-employ plaintiff in a comparable position;

e) award plaintiff and against defendant punitive damages in an amount set to deter such illegal conduct and punish the defendant;

f) award attorneys' fees and costs to the plaintiff and

g) enter any other relief it deems warranted and required by the interests of law and/or equity.

Respectfully submitted,

MICHAEL H. SUSSMAN (3497)

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991
COUNSEL FOR PLAINTIFF

DATED: SEPTEMBER 24, 2007