DRINKER BIDDLE & REATH LLP
A DELAWARE LIMITED LIABILITY PARTNERSHIP
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
Lowe's Home Centers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN TOLBERT, JR., <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, <br><br> Defendant. | Civil Action No. 07 Civ 8232 (CLB) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Lowe's Home Centers, Inc. ("Lowe's") by its undersigned attorneys, hereby answers the corresponding numbered paragraphs of Plaintiff's Complaint. To the extent that the allegations in any of those paragraphs are not specifically admitted, Defendant denies each and every such allegation.

## PARTIES

1.    Defendant admits that Plaintiff is an adult citizen and is African-American, but is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint and, therefore, denies same.

2.    Admitted in part; denied in part. Defendant admits only that it is a business entity authorized to do business pursuant to the laws of the State of New York and that it employs more

than three individuals, and further states that the remaining allegations constitute conclusions of law to which no responsive pleading is required and therefore, denies same.

## JURISDICTION

3. Paragraph 3 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits only that Plaintiff purports to bring a claim under section 296 of the Executive Law of the State of New York and 42 U.S.C. sec. 1981, but denies that Plaintiff's action is appropriately brought.

## FACTUAL ALLEGATIONS

4. Admitted in part; denied in part. Defendant admits only that Plaintiff was employed in the Orangeburg store in July 2005, but denies the remaining allegations.

5. Admitted in part; denied in part. Defendant admits only that Plaintiff was employed in the Orangeburg store in July 2005 as a Zone Manager, but denies the remaining allegations.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Admitted in part; denied in part. Defendant admits only that store manager Brian Bartlett is Caucasian, but denies the remaining allegations of the Complaint.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted. Defendant further responds that Paul Mount was assigned to the Orangeburg store as a Sales Manager.

19. Admitted in part; denied in part. Defendant admits only that Plaintiff is African-American, but denies the remaining allegations.

20. Defendant is without sufficient information to affirm or deny Plaintiff's allegations concerning his efforts to secure comparable work as alleged in Paragraph 20 of the Complaint and therefore, denies same. Defendant further denies the remaining allegations of Paragraph 20 of the Complaint.

21. Defendant is without sufficient information to affirm or deny Plaintiff's allegations concerning his anxiety, stress, and humiliation as alleged in Paragraph 21 of the Complaint and therefore, denies same.

## CAUSES OF ACTION

22. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 22 of the Complaint as if set forth in full.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory business reason.

## THIRD AFFIRMATIVE DEFENSE

Defendant established and communicated a policy against unlawful discrimination or harassment, which contains a complaint procedure. Plaintiff unreasonably failed to complain or otherwise utilize said policy or procedure.

## FOURTH AFFIRMATIVE DEFENSE

As a matter of law, Defendant is not responsible for conduct Plaintiff did not report and which Plaintiff gave the Defendant no opportunity to investigate, alter or remedy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting some or all of his claims.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant has engaged in good faith efforts to comply with all state laws.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to entitle him to any of the damages or other relief he seeks, including but not limited to any claims for compensatory or punitive damages.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims any damages, such damages are barred by Plaintiff's failure to mitigate.

## TENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would contravene the federal constitution and/or would be barred because Defendant has engaged in good faith efforts to comply with all federal civil rights laws pertaining to race discrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee whose employment was not governed by a contract of employment, either express or implied.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant made all of its employment decisions with respect to Plaintiff based on factors other than his race.

Dated: October 16, 2007                    Respectfully submitted,

_____
Helen E. Tuttle, Esq. (HT-3120)
Thomas J. Barton, Esq., *pro hac vice* pending
Drinker Biddle & Reath LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932
Telephone (973) 360-1100
Facsimile (973) 360-9831

Attorneys for Defendant
Lowe's Home Centers, Inc.